UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEROME D. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>DETECTIVE C. DARCY, et al.,<br><br>    Defendants. | 2:09-cv-0956-LDG-RJJ<br><br>**ORDER** |

Plaintiff Jerome D. Brown filed this action against the Las Vegas Metropolitan Police Department (LVMPD), the former sheriff, and four individual officers seeking compensation for his allegedly unlawful arrest, prosecution, and imprisonment. Brown alleges three causes of action: false arrest, municipal liability based on custom and policy, and malicious prosecution. Defendants have filed a motion for summary judgment (#18, opp'n #23, reply #24).[1] For the reasons stated herein, the court grants Defendants' motion.

---

[1] Defendants presented a collateral estoppel argument for the first time on reply. On March 16, 2011, the court entered an order granting Brown five days to file a supplemental brief addressing the collateral estoppel issue (#25). On March 23, 2011, the day set for submission of Brown's supplemental brief, Brown's counsel requested an additional thirty days to file his supplement (#26). The court granted this request, making any supplement due by April 20, 2011 (#27). Brown failed to file any supplement by that date and has similarly failed to file any document with the court at any time in the six months following the expiration of that date.

**Analysis**

A grant of summary judgment is appropriate only where the moving party has demonstrated through "the pleadings, the discovery and disclosure materials on file, and any affidavits" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 389 (9th Cir. 2011); *see* Fed. R. Civ. P. 56 (a), (c); *Anderson v.Liberty Lobby*, 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. *Id.* The party opposing summary judgment "must cite to the record in support of the allegations made in the pleadings to demonstrate that a genuine controversy requiring adjudication by a trier of fact exists." *Taybron v. City & Cnty. of S.F.*, 341 F.3d 957, 960 (9th Cir. 2003). If the non-moving party meets its burden, summary judgment must be denied. *See* Fed. R. Civ. P. 56(a).

**A. The False Arrest and Malicious Prosecution Claims Fail Because Probable Cause for Arrest Existed.**

To succeed on claims of false arrest and malicious prosecution, a plaintiff must show that the defendants lacked probable cause for seeking and executing an arrest warrant. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (1995); *see also Chance v. Las Vegas Metropolitan Police Dept.*, No. 2:07-cv-00381-RLH-GWF, 2007 WL 2491012, at *6 (D. Nev. Aug. 27, 2007) ("The three causes of action-malicious prosecution, false arrest and false imprisonment-share the common element of lack of probable cause.") (citing *Jordan v. State ex rel. Dep't of Motor Vehicles and Public Safety*, 110 P.3d 30,

41-42 (Nev. 2005)).  Probable cause exists "when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Fayer*, 649 F.3d at 1064 (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Brown claims that Defendants lacked probable cause to arrest and prosecute him because Defendants knew he was innocent.  Doc. #1 at 4.  However, three separate people identified Brown as the perpetrator of the robberies.  Doc. #24 at 5.  Additionally, the three witnesses appeared at the preliminary hearing and under examination and cross-examination identified Brown as the person they witnessed committing the crimes alleged.  Brown argues that the identifications at the preliminary hearing were biased because he was dressed in prison clothes and shackled, creating a suggestive situation for the witnesses.  Doc. #23 at 9.  However, the witnesses had previously identified Brown from a photo array.  Doc. #24 at 7-9.  Therefore, Brown cannot succeed on his claims because an arrest is not a false arrest if probable cause exists.  *See Beck*, 379 U.S. at 91.

Even assuming, however, that Defendants lacked probable cause, the collateral estoppel doctrine bars Brown's claims.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Under collateral estoppel, once a court has decided an issue of fact necessary to its judgment, that decision may preclude relitigation of that issue in a different cause of action involving a party to the first case. *Id.*  Congress specifically requires federal courts to give preclusive effect to state court judgments when the courts of that state would preclude re-litigation.  *Id.* at 96.  Nevada precludes litigants from raising an issue in a subsequent proceeding if (1) the issue was actually litigated and necessarily determined in a previous proceeding, and (2) the parties in the prior proceeding are the same or in privity.  *Marine Midland Bank v. Monroe*, 756 P.2d 1193, 1194 (Nev. 1988).  Probable cause determinations at a preliminary hearing are final and conclusive determinations.  *Haupt v.*

3

*Dillard*, 17 F.3d 285, 288 (9th Cir. 1994).  A probable cause determination, once made and affirmed via denial of habeas corpus, cannot be further litigated. *Id.* at 289.

   Brown received a preliminary hearing on October 10, 1996.  The prosecution presented three witnesses; each identified the plaintiff as the perpetrator of the attack and robbery.  Brown's counsel cross-examined each of the witnesses.  After examination and cross-examination, the judge determined there was probable cause for arrest and sufficient evidence to bind the defendant over for trial and set bail. (Transcript of Preliminary Hearing at 41).  Brown appealed the adequacy of evidence to the Nevada Supreme Court, which denied his appeal stating that the evidence was sufficient.  Doc. #24 at 4.  Brown then filed a Petition for Writ of Habeas Corpus, which was also denied.  Doc. #24 at 4.  Probable cause has therefore been litigated and determined adequate.  Furthermore, Brown has not raised any genuine issue of material fact that the evidence adduced at his preliminary hearing that was not available to the Defendant officers when he was arrested.  Therefore, even assuming Plaintiff had raised a genuine issue of material fact that Defendants lacked probable cause, Brown's § 1983 false arrest and malicious prosecution claims must fail because Brown is barred from further litigating that issue.

   **B. The Customs And Policy Claim Fails Because Plaintiff Cannot Show That An Actual Right Was Violated.**

   Local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).  If the execution of official policy and custom, as established by the government entity, inflicts injury, the government entity may be responsible under § 1983.  *Id.*  Additionally, police training may serve as the basis for § 1983 liability only when the training amounts to deliberate indifference to the rights of persons with whom the police come into contact. *City of Conton v. Harris*, 489 U.S. 378, 388 (1989).  Municipal liability attaches only where policymakers make a deliberate choice to follow a course of action from among various alternatives.  *Id.*

In order to prevail under § 1983, Brown must show that (1) he possessed a constitutional right of which he was deprived, (2) the LVMPD had a policy, (3) that policy amounted to deliberate indifference to Brown's constitutional right, and (4) the policy was the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). The Fourth Amendment protects individuals from unlawful arrest or seizure without probable cause. U.S. Const. amend. IV. As stated above, Brown must show that the Defendants lacked probable cause to establish that Defendants violated his constitutional rights as alleged. The court has already determined that probable cause existed at the time of arrest. In any case, as stated above, the doctrine of collateral estoppel bars the Plaintiff from relitigating the issue of probable cause. Therefore, Plaintiff's claim must fail.

**Conclusion**

There exists no genuine issue of material fact. Brown must show a lack of probable cause to succeed on any of his claims. The facts as known to the Defendants at the time Brown was arrested and prosecuted reasonably established probable cause. Probable cause was litigated at a preliminary hearing. Brown also appealed to the Nevada Supreme Court and then filed a petition for a Writ of Habeas Corpus. Even if the issue of probable cause was in question, Brown is barred from relitigating the issue under collateral estoppel. Accordingly,

THE COURT HEREBY ORDERS that Defendants' motion for summary judgment (#18) is REINSTATED.

THE COURT FURTHER ORDERS that Defendants' motion for summary judgment (#18) is GRANTED.

DATED this 20 day of October, 2011.

_____
Lloyd D. George
United States District Judge

5